UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:                                                                                          Chapter   11

4921 12th Avenue, LLC,                                                          Case No. 18-47256-cec

                Debtor

-----------------------------------------------------------------X

Mark Frankel as Plan Administrator for 4921 12th
Avenue LLC,

                           Plaintiff,                              Case No. 19-01120-cec

      -against-


Yehuda Salamon, David Salamon, Yidel's Shopping
Cart, Inc, E-Commerce Expand, LLC, Yidel's Online
Food Station, LLC, Yidels Shopping Cart, Inc. d/b/a
Riverstone Group, Riverstone USA, LLC and "John Doe
1 through John Doe 10, the last ten names being fictitious
And unknown to Plaintiff, person or persons intended
Being persons, corporations or others, being the current
And former tenants or occupants of the Debtor's real
Property located at 4917-4921 12th Avenue, Brooklyn, \
New York,
                           Defendant.

-------------------------------------------------------------x

### NOTICE OF MOTION TO DISMISS AMENDED COMPLAINT

     **PLEASE TAKE NOTICE**, that a hearing to consider the Motion to Dismiss the Amended Complaint (the "Motion") of Phillip Mahony, Esq. will be held on **April 1, 2020 at 2:30 PM** before the Honorable Carla Craig, United States Bankruptcy Judge, at 271-C Cadman Plaza East, Brooklyn, New York 11201, or as soon thereafter as counsel can be heard.

     **PLEASE TAKE FURTHER NOTICE** that all response or objections, if any, to the Motion shall (i) be made in writing, (ii) conform to the Bankruptcy Rules and the Local Bankruptcy Rules for the Eastern District of New York, (iii) set forth the basis for the objection and the specific grounds therefore, (iv) be filed with the Court and (v) shall be served in a manner so as to be received not later than March 25, 2020 by Phillip Mahony, Esq. at Steinway Law Offices, 21-83 Steinway Street, Astoria NY 11105.

1

Dated: Astoria, Queens
March 1, 2020

By: */s/ Phillip Mahony*
Phillip Mahony, Esq.
Counsel for the Debtor
MahonyLaw PLLC
Steinway Law Offices
21-83 Steinway Street
Astoria, NY 11105
phill@mahonylaw.com
917-414-6795

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:                                                                  Chapter   11

4921 12th Avenue, LLC,                                      Case No. 18-47256-cec

                Debtor

-----------------------------------------------------------------X

Mark Frankel as Plan Administrator for 4921 12th
Avenue LLC,

                Plaintiff,                     Case No. 19-01120-cec

      -against-


Yehuda Salamon, David Salamon, Yidel's Shopping
Cart, Inc, E-Commerce Expand, LLC, Yidel's Online
Food Station, LLC, Yidels Shopping Cart, Inc. d/b/a
Riverstone Group, Riverstone USA, LLC and "John Doe
1 through John Doe 10, the last ten names being fictitious
And unknown to Plaintiff, person or persons intended
Being persons, corporations or others, being the current
And former tenants or occupants of the Debtor's real
Property located at 4917-4921 12th Avenue, Brooklyn, \
New York,
                Defendant.
-------------------------------------------------------------x

## MOTION TO DISMISS AMENDED COMPLAINT

       David Salamon (the "Defendant"), through his attorney, Phillip Mahony, Esq., hereby moves this court pursuant to Federal Rule of Civil Procedure ("FRCP.") No. 12(b)(6), made applicable by Federal Bankruptcy Rule ("Bank. Rule") No. 7012, and FRCP No. 9(b), made applicable by Bank. Rule 7009, for an Order dismissing with prejudice the Amended Adversary Proceeding Complaint (the "Amended Complaint") as it pertains to the Defendant on the grounds that the Plaintiff has failed to state a claim against the Defendant upon which relief can be granted.

3

**SUMMARY**

1. The Amended Complaint was filed by the Plaintiff subsequent to the dismissal of the Plaintiff's original complaint, which was filed on September 9, 2019 [ECFNo.1] (the "Original Complaint"). The court ruled that the Original Complaint, as it relates to the Defendant, failed to state a cause of action because it was based on unsupported legal conclusions and on "information and belief."

2. The Amended Complaint, however, leaves intact the cause for the Original Complaint's dismissal, in that it also fails to state a cause of action and is also based on unsupported legal conclusions and on "information and belief."

3. The Amended Complaint not only violates FRCP Rule 9(b), which requires the Plaintiff to state "with particularity the circumstances constituting fraud or mistake" but also defies two rulings of the United States Supreme Court which, first in *Bell Atl. Corp. v Twombly* 550 US 544 (2007) and then again in *Ashcroft v Iqbal*, 556 US 662 (2009) made it clear that a Complaint "should be dismissed if the plaintiff has not offered factual allegations sufficient to render the claims facially plausible" *Bell Atlantic*, 550 US at 570, and that legal conclusions alone, comprised of "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 US at 678.

**RELIEF REQUESTED**

4. The Defendant requests the Amended Complaint be dismissed with prejudice given that the Defendant has now twice failed to state a cause of action against the Defendant. Furthermore the Defendant's role in the fraudulent transactions alleged in the Complaint was already explored in conjunction with *Galster Funding, LLC v. Yehuda Salamon*, (Kings Supreme Court, index # 520434/2016), one of the four pending state court actions involving Defendant's father Yehuda Salamon. The Defendant states he was deposed by attorneys for *Galstar* in relation to that matter. The fact that he was not

4

subsequently added as a Defendant to that matter or that a separate matter was not initiated against him strongly suggests that the Plaintiff has no cause of action against the Defendant, and has subsequently included him in the Complaint, and in the Amended Complaint, only because he hopes casting a wide net will help him develop or strengthen his case against Yehuda Salamon.

## LEGAL PREDICATE

5. FRCP 12(b) states in relevant part:

Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
(6) failure to state a claim upon which relief can be granted.

6. FRCP 9(b) states in relevant part:

In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

7. The United States Supreme Court has twice set the standard for what elements must be present in a valid Complaint.

8. In *Bell Atl. Corp. v Twombly* 550 US 544 (2007), the Court overturned a judgement by the U.S. Court of Appeals for the Second Circuit which held that subscribers to local telephone and internet services had sufficiently stated a claim against the carriers of those services for engaging in billing and contracting misconduct. The subscribers argument rested on the allegation that the providers had engaged in "parallel conduct" to preclude competition in violation of the Sherman Act." *Id.* at 548.

9. In overturning the lower court's ruling, the Court held that the subscriber's allegation of "parallel conduct" lacked "factual context." *Id.* at 549, and characterized the complaint as "[a] conclusory allegation" that did not "supply facts adequate to show illegality" *Id*. at 557. The Court warned that courts "are not bound to accept as true a

legal conclusion couched as a factual allegation." *Id* at 555.

10. In *Ashcroft v Iqbal*, 556 US 662 (2009) the Court upheld a U.S. Court of Appeals for the Second Circuit ruling which found that a detainee's claim of unlawful and discriminatory detention "fail[ed] to plead sufficient facts to state a claim for purposeful and unlawful discrimination [.]" *Id*. at 663. The Court held that such a claim "does not require 'detailed factual allegations' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." (*Id*. at 678).

11. The *Ashcroft* court held that "two working principles" underlie the *Twombley* decision. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id* at 678. Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss…[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not shown --that the pleader is entitled to relief." *Id* at 679

## BACKGROUND
**The Original Complaint based its allegation that the Defendant was owner or controller of the Two Entities solely on "information and belief" and was therefore dismissed for failure to state a cause of action.**

12. The Original Complaint alleged that fraudulent transactions were committed by the Defendant, his father Yehuda Salamon and by five entities that the Plaintiff alleged were owned and/or controlled by David Salamon and/or Yehuda Salamon. Those entities are Yidel's Shopping Cart, Inc, E-Commerce Expand, LLC, Yidel's Online Food Station, LLC, and Yidels Shopping Cart, Inc. d/b/a Riverstone Group and Riverstone USA, LLC (together, the "Defendant Entities").

13. The Original Complaint was comprised of twenty-nine Causes of Action, only four of which contained allegations against the Defendant. Specifically, the

Complaint alleged that the Defendant, along with his father, had control or ownership rights over two of the Defendant Entities - E-Commerce Expand, LLC, and Yidels Shopping Cart, Inc. d/b/a Riverstone Group and Riverstone USA, LLC (hereinafter, the "Two Entities") - and used his position to engage in fraudulent transactions via those entities.

14. On November 21, 2019, David Salamon, through his attorney, filed a Motion to Dismiss the Original Complaint (the "Motion to Dismiss") on the grounds that the Original Complaint failed to state a cause of action against him. [ECF No. 19] The Motion to Dismiss argued that the Original Complaint's allegation that the Two Entities were under the control or ownership of the Defendant and were the "alter egos" of the Defendant was defective because it was based entirely "upon information and belief."

15. On February 4, 2020, the court granted the Motion to Dismiss, granting leave to the Plaintiff to file an Amended Complaint on or before February 21, 2020 [ECF No. 38].

16. On February 21, 2020, the Plaintiff filed the Amended Complaint [ECF No. 43].

### LEGAL ARGUMENT
### 1. The Amended Complaint leaves intact the cause of the Original Complaint's dismissal.

17. FRCP Rule 9(b), states in relevant part: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

18. It stands to reason that "the circumstances constituting fraud or mistake" includes not only the circumstances surrounding the alleged transfer of assets, but also the defendant's connection to that transfer of assets. The foundation of the Amended Complaint, like the Original Complaint, is its ability to establish that the Defendant had sufficient control or ownership of the Two Entities so as to be held responsible for their actions. That foundation was missing from the Original Complaint, and it is missing as

well from the Amended Complaint. Paragraph 2 of the Amended Complaint – in language identical to ¶ 2 of the Original Complaint - affirms that its allegations (i) that the Defendant owns and controls the Two Entities and (ii) that those entities are his "alter egos," are based solely "upon information and belief." The Amended Complaint therefore leaves intact the cause of the Original Complaint's dismissal.

19. It is well held in the Second Circuit that a complaint of fraudulent conveyance that is based on "information and belief" cannot withstand a dismissal action unless it supports its allegation with the particularity required by FRCP Rule 9b.

20. In *Fed. Deposit Ins. Corp. v La Antillana, S.A.,* 1990 US Dist LEXIS 5225 (SDNY May 4, 1990, No. 88 Civ. 2670 (JFK)), the United States District Court for the Southern District of New York, in granting the dismissal of a fraudulent conveyance claim that was based solely on information and belief, cited the Rule 9(b) requirement that the circumstances constituting fraud or mistake shall be stated with particularity. Since the fraudulent conveyance complaint did not state the facts upon which the allegation was founded, the court ruled that dismissal was required.

21. In *Bank of Montreal v Bresner*, 1992 US Dist LEXIS 15173 (SDNY Oct. 6, 1992, 92 Civ. 0875 (MBM)), the United States District Court for the Southern District of New York granted the dismissal of a fraudulent conveyance action based on information and belief, holding that "Plaintiff bottoms its claim of fraudulent conveyance on information and belief, but such allegations must be accompanied by a statement of facts upon which the belief is based." Id at 6. In this case there was no accompanying statement of facts, and the actions was dismissed.

22. The mere assertion "on information and belief" that the Defendant owned or control the Two Entities, violates the Rule 9(b) requirement that the circumstances constituting fraud or mistake shall be stated with particularity. Since the Defendant's alleged connection or relationship to the Two Entities is the basis for the Amended Complaint, the Amended Complaint be should dismissed.

### 2. The Amended Complaint's allegations against the Defendant are "legal conclusions couched as factual allegations" and are therefore invalid.

23. Like the Original Complaint, the Amended Complaint is comprised of twenty-nine Causes of Action, only four of which contain allegations against the Defendant. The Causes of Action against the Defendant are set out in the Complaint's 25th, 26th, 27th and 28th Causes of Action.

24. The 25th, 26th and 27th Causes of Action contain virtually the same language. The first two paragraphs of each Cause of Action describe two money transfers allegedly engaged in by the Two Entities, and then the third paragraph of each Cause of Action contains the entirety of the case against the Defendant. The third paragraphs each allege that the Two Entities (i) are the alter egos of the Defendant, (ii) are held "for the personal benefit of David Salamon and to further perpetuate a fraud" and (iii) the Defendant "has disregarded all independent corporate familiarities."

25. Even accepting the two money transfers are true, the three allegations against the Defendant made in the third paragraphs are nothing more than insufficient "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements." *Ashcroft*, 556 at 678. First, we already know that the allegation that the Two Entities are the "alter egos" of the Defendant is based only on information and belief and therefore, per the District Court decisions cited above, is invalid. Second, the allegation that the Two Entities were held by the Defendant "to further perpetuate a fraud" is merely a "legal conclusion couched as a factual allegation" *Bell Atl. Corp.* 550 US at 555, and is therefore invalid. Third, the allegation that the Defendant "has disregarded all independent corporate formalities" is also not only a "legal conclusion couched as a factual allegation" *Id*., and therefore invalid, but, additionally, it presupposes that the Defendant has a relationship to the Two Entities, a relationship which Plaintiff has not established.

9

26. The 28th Cause of Action leaves out the more detailed third paragraph contained in the first three causes of action, and merely provides a bare allegation that loan proceeds involving the Two Entities "were transferred with the intent to defraud creditors at the direction of David Salamon." Again, this is merely a "legal conclusion couched as a factual allegation"

## SUMMARY

27. The hardships that a federal lawsuit impose on a person's life and finances cannot be underestimated. The accused is compelled to spend thousands of dollars on legal representation, and to spend dozens of hours producing financial documents, sitting for often grueling depositions, and appearing in court. The Federal Rules of Civil Procedure have imposed, and the Supreme Court has twice affirmed, very clear guidelines that an accuser must adhere to when bringing a fraudulent transfer complaint. Not once, but twice, those guidelines were not adhered to by the Plaintiff. This Amended Complaint should therefore be dismissed with prejudice.

WHEREFORE, the undersigned respectfully requests the entry of an Order dismissing the Amended Complaint with prejudice as it relates to Defendant David Salamon, and that the Court grant such other and further relief it deems just and proper.

Dated:  Astoria, New York
March 1, 2020

*/s/ Phillip Mahony*
Phillip Mahony, Esq.
MahonyLaw LLC
Steinway Law Offices
21-83 Steinway Street
Astoria, NY 11105
Phone 917-414-6795
phill@mahonylaw.com