UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:                                                                              Chapter   11

4921 12th Avenue, LLC,                                               Case No. 18-47256-cec

                Debtor

---------------------------------------------------------------X

Mark Frankel as Plan Administrator for 4921 12th
Avenue LLC,

                         Plaintiff,                          Case No. 19-01120-cec

     -against-

Yehuda Salamon, David Salamon, Yidel's Shopping
Cart, Inc, E-Commerce Expand, LLC, Yidel's Online
Food Station, LLC, Yidels Shopping Cart, Inc. d/b/a
Riverstone Group, Riverstone USA, LLC and "John Doe
1 through John Doe 10, the last ten names being fictitious
And unknown to Plaintiff, person or persons intended
Being persons, corporations or others, being the current
And former tenants or occupants of the Debtor's real
Property located at 4917-4921 12th Avenue, Brooklyn, \
New York,
                         Defendant.
-----------------------------------------------------------x

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS AMENDED COMPLAINT**

      David Salamon (the "Defendant"), through his attorney, Phillip Mahony, Esq., hereby replies to Plaintiff's Affirmation in Opposition to David Salomon's Motion to Dismiss Amended Adversary Complaint (ECF No. 53) (the "Opposition").

**Background**

      1.  The Plaintiff's original complaint was filed on September 9, 2019 (ECF No. 1) (the "Original Complaint.") A motion to dismiss was filed by the Defendant on the grounds that the Plaintiff had failed to state a cause of action against the Defendant upon

1

which relief could be granted (ECF No. 12) (the "Original Motion to Dismiss.") At a hearing on the Original Motion to Dismiss held before this court on January 22, 2020 (the "January 22 Hearing"), the Court found for the Defendant and dismissed the Complaint for failure to state a cause of action, but, after the Plaintiff stated to the Court that the Defendant had made incriminating statements during an examination and during testimony in an unnamed court case, the Court granted Plaintiff 30 days to "expand" on his pleading and amend the Original Complaint accordingly. An amended complaint was subsequently filed by the Plaintiff. (ECF No. 43) (the "Amended Complaint"). The Defendant filed a Motion to Dismiss the Amended Complaint on the grounds that the Amended Complaint left intact the causes for the dismissal of the Original Complaint (ECF No. 45) (the "Amended Motion to Dismiss" and, along with the Original Motion to Dismiss, the "Motions to Dismiss."

**The Amended Complaint should be dismissed because leave to amend was granted based on unsubstantiated allegations that the Defendant had incriminated himself in a related, but unnamed, court case.**

2. As will be discussed in greater detail below, Plaintiff's statements to the Court at the January 22 Hearing alleging that incriminating examination or testimony had been made by the Defendant, were not expanded on, as the Court had directed, or even mentioned, in the Amended Complaint, and were again not expanded on, or even mentioned in the Opposition. The grounds for granting the amending of the Original Complaint have therefore not been substantiated. The arguments made in Defendant's Motions to Dismiss therefore still stand and, for this and other reasons discussed below, the Amended Complaint should be dismissed with prejudice.

3. As can be seen from pages 41 and 42 of the court transcript as quoted below, the Court, in dismissing the Original Complaint, found that David Salamon's "nexus to this action has not been adequately pled" and that Plaintiff would have to do "more than" than just allege that Mr. Salamon "upon information and belief, [is] an alter

ego" of the subject entities. Plaintiff's counsel responded by claiming that he knew Salamon was an alter ego because he had "examined [Salamon] in State Court and that "he [Salamon] testified" that he "effected" the subject fraudulent transfer." In reference to this new information introduced by Plaintiff's counsel, the Court responded: "Okay, then you need to plead, you need to expand your pleading," and the Court granted the Plaintiff thirty days to amend the Complaint. The transcript, in relevant part, reads as follows:

> THE COURT: Let us talk about Mr. Mahony's motion. Okay, my inclination here is to say that Mr. David Salamon's nexus to this action has not been adequately pled. That if you have a, you have grounds to, you said upon information and belief he's an alter ego, I think you have to do more than that.
> MR. FIVESON: Your Honor, he just testified, you know, there are other Bankruptcy and State Court proceedings. He testified about three weeks ago that he's the principle of defendant Riverstone –
> THE COURT: The fact that you're a principle doesn't automatically make you an alter ego.
> MR FIVESON: Your Honor, I know, because I've examined him in State Court, that the [sic] effected the $2.5 million transfer –
> THE COURT: Okay, then you need to plead, you need to expand your pleading.
> MR FIVESON: I can state that in this pleading, he effected that transfer.
> THE COURT: Okay, he effectuated it, you mean?
> MR FIVESON: He did it, he wired the money.
> THE COURT: Okay, and there may also be facts that would be the basis for a piercing the veil claim, but I think that it's not adequately pled as such, so I'm going to dismiss this claim with leave to release within thirty days.
> [The Entire Transcript is attached hereto as **Exhibit A**.]

3

4. It is clear from the transcript that the Court granted Plaintiff's counsel leave to amend his pleading based upon his argument that he had "examined" the Defendant and that the Defendant had "testified" in such a manner as to support the allegations made in the Original Complaint. It is also clear that when the Court invited Plaintiff's counsel to "expand" on his pleading, they were referring to that argument, which was the only argument that counsel had made during the hearing.

5. Curiously, however, the alleged examination and the alleged testimony was not only not expanded upon by the Plaintiff in the Amended Complaint, but it was never mentioned again. It is not mentioned in the Amended Complaint and it is not mentioned in the Opposition. In fact, in ¶ 3 of the Opposition, the Plaintiff denies that the Defendant was deposed in a pending state court action.

**The Amended Complaint should be dismissed because lack of "new evidence" concerning incriminating statements by the Defendant leaves intact the cause of the Original Complaint's dismissal.**

6. Since the "new evidence" regarding incriminating testimony presented verbally by Plaintiff at the January 22 Hearing has not been substantiated, the causes of the Original Complaint's dismissal remain intact in the Amended Complaint. As discussed at length in the Amended Motion to Dismiss, the United States Supreme Court, first in *Bell Atl. Corp. v Twombly* 550 US 544 (2007) and then again in *Ashcroft v Iqbal*, 556 US 662 (2009) has made it clear that a Complaint "should be dismissed if the plaintiff has not offered factual allegations sufficient to render the claims facially plausible" *Bell Atlantic*, 550 US at 570, and that legal conclusions alone, comprised of "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 US at 678.

**Conclusion**

7. Plaintiff has not presented any evidence in the Amended Complaint or in

the Opposition to support his statements, made during the January 22 Hearing, that the Original Complaint should not be dismissed because the Defendant had made statements that incriminated him in the charges alleged. The causes for the dismissal of the Original Complaint still stand and have not been refuted in the Amended Complaint. The determination made by the Court when it dismissed the Original Complaint should therefore remain: "Mr. David Salamon's nexus to this action has not been adequately pled." The Amended Complaint should accordingly be dismissed with prejudice.

Dated:  Astoria, New York
March 16, 2020

>*/s/ Phillip Mahony*
>Phillip Mahony, Esq.
>MahonyLaw LLC
>Steinway Law Offices
>21-83 Steinway Street
>Astoria, NY 11105
>Phone 917-414-6795
>phill@mahonylaw.com