**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

...................................................................................X

In re:                                                                  Chapter 11

4921 12th Avenue, LLC,                          Case No. 18-47256- Debtor

...................................................................................X

Mark Frankel as Plan Administrator for 4921 12th
Avenue LLC,

                                   Plaintiff,          Case No. 19-01120-cec

           -against-

Yehuda Salamon, David Salamon, Yidel's Shopping Cart, Inc,
E-Commerce Expand, LLC, Yidel's Online Food Station,
LLC, Yidels Shopping Cart, Inc. d/b/a Riverstone Group,
Riverstone USA, LLC, Ultimate Opportunities, LLC and
"John Doe 1 through John Doe 10, the last ten names being
fictitious And unknown to Plaintiff, person or persons intended
Being persons, corporations or others, being the current And
former tenants or occupants of the Debtor's real Property
located at 4917-4921 12th Avenue, Brooklyn, New York,

                                   Defendants.

...................................................................................X

### Reply Brief to the Plaintiff's Opposition to the Motion to Dismiss[1]

        Yehuda Salamon, Yidel's Shopping Cart, Inc, E-Commerce Expand, LLC, Yidel's Online

Food Station, LLC, Yidels Shopping Cart, Inc. d/b/a Riverstone Group, and  Riverstone USA LLC

through the undersigned responding to the Plaintiff, Mark Frankel (Frankel) filed opposition

submit as follows:

---

[1] The undersigned is aware of the deadline of the March 16, 2020 for the reply,  however owing
to severe fever could not address this reply yesterday. The undersigned apologize for this tardy
reply.

Frankel misses the very basic of a proceeding under section 544(b), which is premised on or upon a triggering unsecured creditor. The amended complaint is bereft of such an unsecured creditor. The language of section 544(b) could not be clearer.  Section 544(b) provides that "the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim, holding an unsecured claim that is allowable under section 502 of this title. Since it is a source of this amended Complaint, it must comply with the statutory requirements—it is a basic. Also since the defenses available against the triggering creditor would be defenses against the trustee's lawsuit under section 544(b).  And we do not know what creditor he has picked up—the very ingredient is missing; it is not a notice pleading and it thus runs afoul of Rule 8. We cannot prepare an answer nor can it inform properly the court the basis of the claim. Only if the triggering creditor is identified in the Complaint can we posit an answer. Because the defenses available against that claimant would be defenses against the trustee. Notice is missing here,

> We concede that the Federal Rules of Civil Procedure require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). And we assume, at least for argument's sake, that neither the Rules nor the securities statutes impose any special further requirement in respect to the pleading of proximate causation or economic loss. But, even so, the "short and plain statement" must provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests."

*Dura Pharm., Inc. v. Broudo,* 544 U.S. 336, 346, 125 S. Ct. 1627, 1634, 161 L. Ed. 2d 577 (2005) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)) (Emphasis provided).  We do not have a notice, thus the amended complaint should be dismissed See *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 514 (2002) ("The liberal *notice pleading of rule 8(a)*

*is the starting point of a simplified pleading system,* which was adopted to focus litigation on the merits of a claim").

Frankel asserting law of the case doctrine to preclude the undersigned to move for a dismissal of the amended complaint is erroneous. Clearly, "when a plaintiff has filed an amended complaint, the law of the case doctrine does not apply because the amended complaint is a new complaint which may include additional facts and claims that are different from the original complaint requiring a new determination by the court." *San Diego Cty. Credit Union v. Citizens Equity First Credit Union,* 360 F. Supp. 3d 1039, 1046 (S.D. Cal. 2019) (relying on Askins v. U.S. Dep't of Homeland Sec., 899 F.3d 1035, 1042 (9th Cir. 2018)) Also, the issues raised here in this motion were not decided before, namely, the missing golden creditor to establish the basics of a complaint under section 544(b), inadequacy of pleading. This doctrine "only forecloses consideration of issues that have already been decided," *Snoussi v. Bivona,* No. 05–CV–3133, 2010 WL 3924255, at *6 (E.D.N.Y. Feb. 17, 2010) (internal quotation marks omitted), *adopted by* 2010 WL 3924683 (E.D.N.Y. Sept. 29, 2010), and is "discretionary" such that it "does not limit a court's power to reconsider its own decisions prior to final judgment," *Pescatore v. Pan Am. World Airways, Inc.,* 97 F.3d 1, 8 (2d Cir.1996) (internal quotation marks omitted). Also, something else happened after the filing of the prior briefing in this, i.e. Frankel waived his claim to the fraudulent conveyance actions, he was being given money in a judicial proceeding, he refused to take it.  He is judicial estopled now to lay claim, thus there is no law of the case doctrine precluding this defense by the defendants. *Smith Mach. Co. v. Hesston Corp.,* 878 F.2d 1290, 1292 (10th Cir. 1989)( holding that "the law of the case doctrine does not prevent the correction of a prior erroneous ruling or apply in cases in which new evidence is presented to a court"). Clearly this doctrine "does not

prevent a court from reconsidering prior opinions when there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Berrios,* 42 F. Supp. 3d 403, 412 (E.D.N.Y. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.)).

Frankel claims he has standing under section 544(b), however that is only confined to the trustee. Section 544 is so very clear: the *trustee* may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title. 11 U.S.C.§ 544(b). trustee is not Frankel, despite the language of the Plan granting rights to plan proponents.

> The statute appears quite plain in specifying who may use § 506(c)—"[t]he trustee." Although the statutory text does not actually say that persons other than the trustee may not seek recovery under § 506(c), several **1945 contextual features support that conclusion. First, a situation in which a statute authorizes specific action and designates a particular party empowered to take it is surely among the least appropriate in which to presume nonexclusivity. Second, the fact that the sole party named—the trustee—has a unique role in bankruptcy proceedings makes it entirely plausible that Congress would provide a power to him and not to others. Further, had Congress intended the provision to be broadly available, it could simply have said so, as it has in describing the parties who could act under other sections of the Code.

*Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.,* 530 U.S. 1, 2, 120 S. Ct. 1942, 1944–45, 147 L. Ed. 2d 1 (2000). Usually it is the trustee who is the plan proponent, however, upon the expiry of the exclusivity time, "any party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may file a plan," keep the field wide open.  11 U.S.C. 1121. It does not mean all these plan proponents would take the position of the trustee. Congressionally provided silhouette ("Trustee") alone would work to utilize the tool box of section 544(b) in the bankruptcy

field.  If the plan proponents would have been allowed to use this section, then Congress would

have said so. As the administrative claimant [not being a trustee] could not use section 506(c) to

surcharge, solely owing to the restrictive congressional diction in Hartford case, the plan proponent

here too cannot use section 544(b) for it solely refers to the trustee and not to the plan proponent.

If the congress had wanted to keep the section 544(b) open to any plan proponents, it would have

said so.  The Congress knows when, what and how to say the same. *Central Bank of Denver v.*

*First Interstate Bank,* 511 U.S. 164, 176-77 (1994). See also *Franklin Nat'l Bank v. New York,*

347 U.S. 373, 378 (1954) (finding "no indication that Congress intended to make this phase of

national banking subject to local restrictions, as it has done by express language in several other

instances"); *Meghrig v. KFC Western, Inc*., 516 U.S. 479, 485 (1996) ("Congress ... demonstrated

in CERCLA that it knew how to provide for the recovery of cleanup costs, and ... the language

used to define the remedies under RCRA does not provide that remedy."); *FCC v. NextWave*

*Personal Communications, Inc.,* 537 U.S. 293, 302 (2003) (when Congress has intended to create

exceptions to bankruptcy law requirements, "it has done so clearly and expressly"); *Dole Food*

*Co. v. Patrickson,* 538 U.S. 468, 476 (2003) (Congress knows how to refer to an indirect owner of

a corporation, as distinct from a direct owner of shares in the "formal sense," and did not do so in

the *Foreign Sovereign Immunities Act's* definition of foreign state "instrumentality"); *Whitfield v.*

*United States*, 543 U.S. 209, 216 (2005) ("Congress has included an express overt-act requirement

in at least 22 other current conspiracy statutes, clearly demonstrating that it knows how to impose

such a requirement when it wishes to do so."). Also *Mississippi ex rel. Hood v. AU Optronics*

*Corp*., 571 U.S. ___, No. 12- 1036, slip op. (January 14, 2014) (when Class Action Fairness Act

authorizes removal of a state case to federal court as a "mass action" if the case was brought by

100 or more persons, only named plaintiffs may be counted; in the same statute, Congress

explicitly had included counting "unnamed parties in interest" toward meeting class action thresholds and could have done so under the mass action provision if it so chose.).

Here the plan proponent is not the trustee, despite the approbation by the Court. Standing cannot be conferred by understanding or court approval of such standing, it must flow from the statute or the constitution.  No doubt "[t]he actual or threatened injury required by Art. III may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing.'" *Warth v Seldin,* 422 US 490, 500 (1975). Section 544 (b) created such a statutory right.  Of course, out of the bankruptcy context the injured party will have the standing to sue in the state court. Second Circuit has opined and allowed some leeway under some circumstances, wherein the cerediotr has been allowed to bring proceedings under bankruptcy code fraudulent conveyance action.  *In re Housecraft Indus. USA, Inc.,* 310 F.3d 64, 70 (2d Cir. 2002) ("Although not explicitly authorized in the Code, we have extended standing to bring fraudulent conveyance claims under §§ 548 and 549 to additional parties such as creditors when to do so is in the best interest of the estate.").  However, that case predates *Hartford* matter and also, in that case there was a delegation of the authority from the trustee to the creditor. *Id.* After *Hartrford,* it is doubtful if *Housecraft Indus* still abides.

Frankel does not comprehend the reach of judicial estoppel doctrine or claim preclusion. "[F]ederal law governs the application of judicial estoppel in federal court." *Rissetto v. Plumbers and Steamfitters Local 343,* 94 F.3d 597, 600 (9th Cir.1996). Here Frankel filed a claim for 2.5 million dollars in another related case of R.S. Old Mill and when challenged withdrew it. The presiding judge in that action granted everyone's claims, but they withdrew their claim.  Now, they want to assert the same. Federal judiciary abhors such ping pong game and thus this case warrants judicial estoppel.

> [J]udicial estoppel applies to a party's stated position, regardless of whether it is an expression of intention, a statement of fact, or a legal assertion. *See In re Cassidy,* 892 F.2d 637, 641–42 (7th Cir.), *cert. denied,* 498 U.S. 812, 111 S.Ct. 48, 112 L.Ed.2d 24 (1990); *Hardwick v. Cuomo,* 891 F.2d 1097, 1105 n. 14 (3d Cir.1989); *Patriot Cinemas, Inc. v. General Cinema Corp.,* 834 F.2d 208, 214–15 (1st Cir.1987); *Allen v. Zurich Ins. Co.,* 667 F.2d 1162, 1166–67 (4th Cir.1982); *AFN, Inc.,* 798 F.Supp. at 224. The integrity of the judicial process is threatened when a litigant is permitted to gain an advantage by the manipulative assertion of inconsistent positions, factual or legal.

*Helfand v. Gerson,* 105 F.3d 530, 535 (9th Cir. 1997). Frankel has not addressed a single issue raised by the undersigned, but rather it is the same repeat of the allegations. No merit based arguments have been advanced. Rather sanctions have been sought. It has become so routine in this district to seek sanctions. It is incredible. This is not now novel arguments are advanced or law made. There are several drawbacks with the complaint and posture of the case. They were allowed a second chance, yet they did not take care of the basics. The complaint or the reply to the motion for dismissal of the amended complaint lacks rule 11 basics. The amended motion lacked the very basic of the necessary requirement of the pleadings, the reply to the undersigned motion ignores the crux of the arguments.

Wherefore the motion to dismiss the Amended Complaint be granted.

Dated: New York NY
March 17, 2020

/s/karamvirdahiya
Karamvir Dahiya
Dahiya Law Offices, LLC
75 Maiden Lane Suite 506
New York NY 110038
Tel: 22 766 8000