UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re
4921 12th Avenue, LLC,                                                    Chapter 11
                                                                          Case No.: 1-18-47256-cec
                                        Debtor
                                                                          Hon. Carla E. Craig
-----------------------------------------------------------------X
Mark Frankel as Plan Administrator for 4921
12th Avenue, LLC                                                          Adv. Pro. No.:
                                                                          **1-19-01120-cec**

                                        Plaintiff,                        **MOTION TO DISMISS**

              -v-

Yehuda Salamon, David Salamon, Yidel's Shopping
Cart, Inc. E-Commerce Expand, LLC, Yidel's Online
Food Station, LLC, Yiddel's Shopping Cart, Inc. d/b/a
Riverstone Group, Riverstone, USA, LLC, "John Doe
No. 1 through John Doe No. 10", inclusive, the last ten
names being fictitious and unknown to Plaintiff, persons
or parties intended being persons corporations or others,
being the current and/or former tenants or occupants of the
Debtor's real property located 4917-4921 12th Avenue,
Brooklyn, New York, and Ultimate Oppurtunities, LLC
a/k/a Ultimate Opportunities, LLC
                                        Defendant
-----------------------------------------------------------------X
<u>**NOTICE OF MOTION FOR AN ORDER PURSUANT TO RULE 12(B)(6) OF THE**</u>
<u>**FEDERAL RULES OF CIVIL PROCEDURE AND RULE 7012(B) OF THE FEDERAL**</u>
<u>**RULES OF BANKRUPTCY PROCEDURE DISMISSING THE ADVERSARY**</u>
<u>**PROCEEDING  AS AGAINST ULTIMATE OPPURTUNITIES, LLC a/k/a ULTIMATE**</u>
<u>**OPPORTUNITIES, LLC**</u>

    **PLEASE TAKE NOTICE** that upon the application dated March 24, 2020 (the

"Application"), the Defendant ULTIMATE OPPURTUNITIES, LLC a/k/a ULTIMATE

OPPORTUNITIES, LLC, ("Ultimate Opportunities"), by its attorneys, Shiryak, Bowman,

Anderson, Gill & Kadochnikov LLP, shall move before the Honorable Carla E. Craig, United

States Bankruptcy Judge at the United States Bankruptcy Court for the Eastern District of New

York, located at 271-C Cadman Plaza East, Suite 1595, Brooklyn, New York, 11201 Courtroom

3529 **on May 6, 2020 at 2:30 PM,** or as soon thereafter as counsel may be heard, for entry of an order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7012(b) of the Federal Rules of Bankruptcy Procedure dismissing the Adversary Proceeding as against Applicant, and for such other and further relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief herein requested shall be in writing, shall state with particularity the grounds for the objection, shall be filed with the Clerk of the Bankruptcy Court and served upon, the undersigned counsel for the Applicant, by 5:00 p.m. seven (7) days prior to the return date and upon any other person whose interests would be affected if the objection is sustained.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing may be adjourned from time to time without further notice other than the announcement of such adjournment in open Court.

**PLEASE TAKE FURTHER NOTICE**, that you need not appear at the Hearing if you do not object to the relief requested in the Motion.

Dated:       March 25, 2020
                 Kew Gardens, New York

Yours etc.,
**SHIRYAK, BOWMAN, ANDERSON, GILL & KADOCHNIKOV LLP**

/s/ *Btzalel Hirschhorn*
By:  Btzalel Hirschhorn, Esq.
Attorney for Debtor Stathakis
80 – 02 Kew Gardens Road, Suite 600
Kew Gardens, NY 11415
Tel: (718) 263-6800 | Fax: (718) 520-9401
Email: bhirschhorn@sbagk.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In re

4921 12th Avenue, LLC,

                               Debtor

Chapter 11
Case No.: 1-18-47256-cec

Hon. Carla E. Craig

------------------------------------------------------------------X
Mark Frankel as Plan Administrator for 4921
12th Avenue, LLC

Adv. Pro. No.:
**1-19-01120-cec**

                              Plaintiff,

**MEMORANDUM IN
SUPPORT**

      -v-

Yehuda Salamon, David Salamon, Yidel's Shopping
Cart, Inc. E-Commerce Expand, LLC, Yidel's Online
Food Station, LLC, Yiddel's Shopping Cart, Inc. d/b/a
Riverstone Group, Riverstone, USA, LLC, "John Doe
No. 1 through John Doe No. 10", inclusive, the last ten
names being fictitious and unknown to Plaintiff, persons
or parties intended being persons corporations or others,
being the current and/or former tenants or occupants of the
Debtor's real property located 4917-4921 12th Avenue,
Brooklyn, New York, and Ultimate Oppurtunities, LLC
a/k/a Ultimate Opportunities, LLC

                              Defendant
------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

### Preliminary Statement

1.     The Adversary Proceeding should be dismissed as against Ultimate

Opportunities because Plaintiff fails to allege any facts or law to support a basis for relief as

against Ultimate Opportunities.

### Factual and Procedural History

2.     On or about February 21, 2020, Plaintiff, filed an amended complaint naming

Ultimate Opportunities as a defendant in the instant adversary proceeding. [Doc. No. 43].

3.      On or about March 11, 2020, the Clerk's Office issued a supplemental summons against Ultimate Opportunities. [Doc. No. 51].

4.      The gravamen of Plaintiff's complaint appears to be alleging avoidable conveyances under NY Debtor & Creditor Law §§273, 274, 275, & 276, and under §§ 544(b)(1), 545, 546, 547, 549, 550 and 553(b) of the Bankruptcy Code between the Debtor's principal and several corporate entities allegedly controlled by the Debtor's principal. See Complaint ¶¶1 & 4.

5.      Of note, the Complaint does not allege that Ultimate Opportunities was the recipient or was in any fashion involved in any of the alleged transfers.

## Standard of Review

6.      Under Rule 12(b)(6), a Court has the authority to dismiss a complaint for "'failure to state a claim upon which relief may be granted' if the complaint lacks an arguable basis in either law or fact." In re Henderson, 423 B.R. 598, 614 (Bankr.N.D.N.Y. 2010) (citing Thomas v. Scully, 943 F.2d 259, 260 (2d Cir. 1991)).

7.      To survive dismissal under Rule 12(b)(6), made applicable to adversary proceedings through Rule 7012 of the Federal Rules of Bankruptcy Procedure, a plaintiff must "assert a cognizable claim and allege facts that, if true, would support such a claim." Boddie v. Schneider, 105 F. 3d 857, 860 (2d Cir. 1997).

8.      In reviewing the allegations for legal sufficiency, a court employs a two-prong approach. First, a court takes all facts alleged in the complaint as true and draws all reasonable inferences in the plaintiffs favor. In re Vanarthos, 440 B.R. 67, 71 (Bankr.S.D.N.Y. 2010). However, a court is not required to ". . . accept as true a legal conclusion couched as factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

4

(citations omitted).

9.      "Second, the court must determine if [the complaint's] factual allegations state a plausible claim for relief."  Vanarthos, 440 B.R. at 72; In re Jones Jr., 2011 WL 1549060, 2-3 (Bankr.E.D.N.Y. April 21, 2011) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, when accepted as true, is adequate to 'state a claim to relief that is plausible on its face.'"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Vanarthos, 440 B.R. at 72; see also In re Choez, No. 15-45404-ESS, 2016 WL 3244861, at *7 (Bankr.E.D.N.Y. June 3, 2016) (complaint failed to state a claim when it did not "adequately allege  the third element of its Section 523(a)(4) claim, that [debtor] engaged in the willful conduct that would render the transaction in question a defalcation within the meaning of bankruptcy law."); In re Kaufman, 85 B.R. 706, 711 (Bankr.S.D.N.Y. 1988) (holding that plaintiff's claim directed to fiduciary fraud or defalcation was insufficient as a matter of law because the complaint "merely alleges a fiduciary relationship and does not state when that relationship arose or the basis for such a fiduciary relationship.").

10.      Ultimately, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Jones Jr., 2011 WL 1549060, at 2.

11.      As will be discussed below, Plaintiff wholly fails to allege any factual allegations sufficient to sustain a cause of action against Ultimate Opportunities under DCL §§273, 274, 275, or 276.

## Argument

### I.  *Plaintiff fails to plead a claim against Ultimate Opportunities under DCL §§273,*

*274, 275, or 276*

12.    New York Debtor and Creditor Law §273 provides:

> Conveyances by insolvent.  Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration.

13.    To prevail on a claim under Debtor and Creditor Law § 273, the movant must establish: "(1) that the conveyance was made without fair consideration; (2) that at the time of transfer, the transferor was a defendant in an action for money damages or a judgment in such action had been docketed against him; and (3) that a final judgment has been rendered against the transferor that remains unsatisfied." <u>Coyle v. Lefkowitz, Mayer Realty Corp.</u>, 43 Misc. 3d 1211(A), 990 N.Y.S.2d 437 (Sup. Ct. 2014).

14.    New York Debtor and Creditor Law §274 provides:

> Every conveyance made without fair consideration when the person making it is engaged or is about to engage in a business or transaction for which the property remaining in his hands after the conveyance is an unreasonably small capital, is fraudulent as to creditors and as to other persons who become creditors during the continuance of such business or transaction without regard to his actual intent.

15.    New York Debtor and Creditor Law §275 provides:

> Every conveyance made and every obligation incurred without fair consideration when the person making the conveyance or entering into the obligation intends or believes that he will incur debts beyond his ability to pay as they mature, is fraudulent as to both present and future creditors.

16.    New York Debtor and Creditor Law §276 provides:

> Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors.

17.     Here, Plaintiff's sole factual allegations against Ultimate Opportunities are contained in ¶¶ 14, & 145, which provide to wit:

    a.  'Defendant Ultimate Oppurtunities, LLC a/k/a Ultimate Opportunities, LLC ("Ultimate Opportunities, LLC") is a New Jersey limited liability company doing business in New York.' (¶14).

    b.  Upon information and belief, Ultimate Opportunites, LLC and John Doe Nos. 1 through 10 are the current and former tenants and/or occupants of the units have failed and refused to pay rent for their respective occupancies for the past six years. (¶ 145).

18.     Plaintiff fails to even allege the existence of any conveyances or transfers between the Debtor and Ultimate Opportunities. Plaintiff resorts to vague allegations that at some point Ultimate Opportunities allegedly occupied one of the units in the Premises and at some point in the prior six years 'failed and refused to pay rent.' No specific dates are provided; no specific amounts of monthly rent are alleged owed; and Plaintiff fails to even specify what unit of the Premises Ultimate Opportunities allegedly occupied.

19.     Regardless, even if Plaintiff's claims were true, which they are not, Plaintiff's failure to allege the existence of any conveyance between Debtor and Ultimate Opportunities is fatal to any alleged claims under the DCL. As there was no conveyance, Plaintiff's claims for relief under the DCL must fail.

20.     Accordingly, all of Plaintiff's claims against Ultimate Opportunities under the DCL must be dismissed with prejudice.

**II. Plaintiff fails to plead a claim against Ultimate Opportunities under §§544(b)(1),**

***545, 546, 547, 549, 550 and 553(b) of the Bankruptcy Code***

21.    Plaintiff next alleges that this proceeding is brought pursuant to §§544(b)(1), 545, 546, 547, 549, 550 and 553(b) of the Bankruptcy Code. See Complaint at ¶4. However, these sections, commonly known as 'Chapter 5' claims, all deal with a trustee's powers to avoid certain types of impermissible transfers.

22.    Again, Plaintiff fails to even allege the existence of any transfer to avoid between the Debtor and Ultimate Opportunities. Without a transfer to avoid, Plaintiff's Chapter 5 claims are at best moot. Accordingly, Plaintiff's Chapter 5 claims against Ultimate Opportunities must be dismissed with prejudice.

### III.    *Plaintiff has failed to demonstrate compliance with the due diligence standard under 11 U.S.C. 547(b)*

23.    11 U.S.C. 547(b) provides in pertinent part:

> Except as provided in subsections (c) and (i) of this section, the trustee may, based on ***reasonable due diligence*** in the circumstances of the case ***and taking into account a party's known or reasonably knowable affirmative defenses*** under subsection (c), avoid any transfer of an interest of the debtor in property. . . (emphasis added).

24.    Here, Plaintiff fails to demonstrate that any due diligence steps were taken to ascertain Ultimate Opportunities affirmative defenses.

25.    On this basis alone the Complaint must be dismissed with prejudice.

## <u>Conclusion</u>

**WHEREFORE**, Ultimate Opportunities respectfully requests that this Court enter an

Order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7012(b) of the

Federal Rules of Bankruptcy Procedure dismissing the Adversary Proceeding as against it with

prejudice and for such other and further relief as this Court deems just and proper.

Dated:   March 25, 2020
            Kew Gardens, New York

Yours etc.,
**SHIRYAK, BOWMAN, ANDERSON, GILL &
KADOCHNIKOV LLP**

*/s/ Btzalel Hirschhorn*
By:  Btzalel Hirschhorn, Esq.
Attorney for Defendant Ultimate
Opportunities, LLC
80 – 02 Kew Gardens Road, Suite 600
Kew Gardens, NY 11415
Tel: (718) 263-6800 | Fax: (718) 520-9401
Email: bhirschhorn@sbagk.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re
4921 12th Avenue, LLC,

                                       Debtor

Chapter 11
Case No.: 1-18-47256-cec

Hon. Carla E. Craig

-----------------------------------------------------------------X
Mark Frankel as Plan Administrator for 4921
12th Avenue, LLC

Adv. Pro. No.:
**1-19-01120-cec**

                                    Plaintiff,

         -v-

Yehuda Salamon, David Salamon, Yidel's Shopping
Cart, Inc. E-Commerce Expand, LLC, Yidel's Online
Food Station, LLC, Yiddel's Shopping Cart, Inc. d/b/a
Riverstone Group, Riverstone, USA, LLC, "John Doe
No. 1 through John Doe No. 10", inclusive, the last ten
names being fictitious and unknown to Plaintiff, persons
or parties intended being persons corporations or others,
being the current and/or former tenants or occupants of the
Debtor's real property located 4917-4921 12th Avenue,
Brooklyn, New York, and Ultimate Oppurtunities, LLC
a/k/a Ultimate Opportunities, LLC
                                 Defendant
-----------------------------------------------------------------X

<u>**CERTIFICATE OF SERVICE**</u>

      I hereby certify that on March 25, 2020, I caused the following documents to be served
upon all parties as listed below:

               ▪  **NOTICE OF MOTION FOR AN ORDER PURSUANT TO RULE 12(B)(6)
                  OF THE FEDERAL RULES OF CIVIL PROCEDURE AND RULE 7012(B)
                  OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
                  DISMISSING THE ADVERSARY PROCEEDING**
               ▪  **MEMORANDUM OF LAW IN SUPPORT**

      I further certify that on March 25, 2020, I caused a true, complete and correct copy of the
Proceeding to be served via first class mail, postage prepaid and / or electronic mail, upon the
parties listed below:

**David K. Fiveson, Esq.**
Butler Fitzgerald Fiveson & McCarthy, PC
9 East 45th Street, 9th Floor
New York, NY 10017

**Karamvir Dahiya, Esq.**
Dahiya Law Offices, LLC
75 Maiden Lane, Suite 506
New York, NY 10038

**Phillip Mahony, Esq.**
21-83 Steinway Street
Astoria, NY 11105

**John Doe No. 1 through John Doe No. 10**
4921 12th Avenue
Brooklyn, NY 11219

**Office of the United States Trustee**
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014

Date: Kew Gardens, New York
    March 25, 2020

*/s/ Andreas E. Christou, Esq.*
ANDREAS E. CHRISTOU, ESQ.
SHIRYAK, BOWMAN, ANDERSON, GILL & KADOCHNIKOV, LLP
*Attorneys for Defendant Ultimate Opportunities, LLC*
80-02 Kew Gardens Road, Suite 600
Kew Gardens, NY 11415
Tel: (718) 263-6800
Fax: (718) 520-9401
Email: achristou@sbagk.com
