UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
In re                                                                    Bankruptcy Case No.:
4921 12th Avenue LLC,                                                      1-18-47256-cec

                      Debtor.                                            Chapter 11
------------------------------------------------------------------------X
Mark Frankel as Plan Administrator for 4921 12th        Adv. Pro. No.:
Avenue, LLC,                                                               1-19-01120-cec
                      Plaintiff,
     -against-                                                       *Assigned to:*
                                                                       *Judge Carla E. Craig*

Yehuda Salamon, David Salamon, Yidel's Shopping Cart, Inc., E-Commerce Expand, LLC, Yidel's Online Food Station, LLC, Yidels Shopping Cart, Inc. d/b/a Riverstone Group, Riverstone, USA, LLC, "John Doe No. 1 through John Doe No. 10", inclusive, the last ten names being fictitious and unknown to plaintiff, persons or parties intended being persons, corporations or others, being the current and/or former tenants or occupants of the Debtor's real property located at 4917-4921 12th Avenue, Brooklyn, New York, and Ultimate Oppurtunities, LLC a/k/a Ultimate Opportunities, LLC

                      Defendants.
------------------------------------------------------------------------X

**AFFIRMATION IN OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS AMENDED ADVERSARY COMPLAINT**

      David K. Fiveson, an attorney duly admitted to practice before this Court, affirms under the penalties of perjury as follows:

      1.    I am a member of the Bar of this Court and principal of the firm Butler, Fitzgerald, Fiveson & McCarthy, A Professional Corporation, attorneys for Plaintiff, Mark Frankel as Plan Administrator for 4921 12th Avenue, LLC ("Plan Administrator"). I have knowledge of the facts stated herein based on my review of my file and my participation in the prior proceedings. I therefore believe the facts stated herein to be true and correct. I make this affirmation in opposition to the motion of Defendant, Ultimate Oppurtunities, LLC a/k/a

Ultimate Opportunities, LLC ("Defendant"), seeking to dismiss the Amended Adversary Complaint ("Amended Complaint") pursuant to Rule 12(b)(6) on the basis that it "fails to allege any factual allegations sufficient to sustain a cause of action against Ultimate Opportunities under DCL §§273, 274, 275, or 276."

## PROCEDURAL HISTORY

2. This action arises out of the criminal fraud perpetrated by Yehuda Salamon, the principal of the Debtor, 4921 12th Avenue, LLC ("Debtor"). Yehuda Salamon forged two satisfactions of two prior mortgages securing loans in the amount of $ 1.2 million and $1.3 million against the premises 4921 12th Avenue, Brooklyn, New York ("Premises"). In reliance on the forged satisfactions, on August 30, 2016 Galster Funding, LLC ("Galster Funding") loaned the Debtor $6.5 million believing its loan would be fully secured as a first lien against the Premises. The forged satisfactions were later vacated by Judge Knipel of the Kings County Supreme Court on December 27, 2017, thereby relegating Galster Funding's mortgage to an essentially unsecured third lien position. Old Republic National Title Insurance Company ("ORNTIC") insured Galster Funding's mortgage in first lien position. In order to resolve Galster Funding's claim under its title insurance policy, ORNTIC purchased the two notes secured by the recorded first and second mortgages (that were reinstated when the forged satisfactions were vacated by Judge Knipel) and subordinated those liens to Galster Funding's mortgage, thereby slotting Galster Funding's mortgage in first lien position. Thereafter, Debtor filed for Chapter 11 on December 20, 2018. A Liquidating Plan was approved on July 30, 2019 ("Plan"), authorizing Galster Funding to sell the Premises. See Exhibit A. It is believed that the eventual sale of the Premises will result in the Galster Funding and ORNTIC liens and notes being rendered unsecured in the amount upwards of $16 million.

3. Not one nickel of Galster Funding's $6.5 million loan proceeds was deposited with the Debtor. Instead, the loan proceeds were paid to various entities of Yehuda Salamon and his son David Salamon, all of which have been joined as defendants herein. No consideration for these transfers was paid to the Debtor. The transfers of the $6.5 million of loan proceeds to Defendants rendered the Debtor insolvent and are classic fraudulent transfers under the New York Debtor and Creditor Law ("NY DCL").

4. Mark Frankel was appointed Plan Administrator to recoup these fraudulent transfers, in order to satisfy the Debtor's unsecured creditors in the Chapter 11. See Exhibit A ¶ 90. The Plan vests the Plan Administrator with the sole authority to liquidate assets, including prosecuting the Causes of Action (defined below) to maximize distributions to creditors. See Id. ¶¶ 90(c), 92.

5. The Plan explicitly provides for the retention of jurisdiction over the dispute vests the Plan Administrator with "the exclusive authority and duty to implement the sale of the Property and prosecution of Causes of Action under this Plan and accordingly shall exercise such rights and obligations of the Debtor in accordance with the Plan." See Id. ¶ 90(c). The Plan Administrator is also "party-in-interest" for purposes of filing and prosecuting objections to claims and Causes of Action." See Id. ¶ 90(b).

6. As provided in paragraph 92 of the Plan, all "Causes of Action" for the "benefit of the Debtor's estate" are specifically and unequivocally preserved, and vest the Plan Administer with standing and sole authority for prosecuting these claims.[1] Paragraph 19 of the Plan defines "Causes of Action" as follows:

---

[1] **PRESERVATION OF CLAIMS**

92. All Causes of Action, including rights pursuant to Sections 502, 544, 545 and 546 of the Bankruptcy Code, all preference claims pursuant to Section 547 of the Bankruptcy Code, all fraudulent transfer claim pursuant to Section 548 of the Bankruptcy Code, and all claims relating to post-petition transactions under Section 549 of the Bankruptcy Code shall be preserved for the benefit of the Debtor's estate, provided, however, that the Plan Administrator shall have sole authority for prosecuting any such claims.

> 19. "Causes of Action" shall mean any and all claims and causes of action of, and remedies granted to, the Debtor against any third party, including, without limitation, any avoidance claims or causes of action pursuant to sections 502, 506, 510, 541 through 545, 547 through 551, and/or 553 of the Bankruptcy Code and any claims pursuant to any other statutory or common law.

7. Collectively, paragraphs 19 and 92 of the Plan specifically and unequivocally define "Causes of Action" to include the relief sought in the adversary complaint and confer standing to the Plan Administrator to obtain said relief.

8. But for the Plan Administrator succeeding on his claims, it is likely that a significant portion of the unsecured claims resulting from the fraud of Yehuda Salamon and David Salamon, would otherwise remain unpaid.

9. Galster Funding holds a judgment of foreclosure and sale entered on August 20, 2018 in an action entitled *Galster Funding LLC v. 4921 12th Avenue LLC; et al.* in the Supreme Court of the State of New York, County of Kings, Index No.: 500818/2017 ("Galster Judgment"). The total amount due under the Galster Judgment as of the December 20, 2018 filing date was $9,480,175.00. The only other scheduled creditor is ORNTIC, as successor in interest to Beis Chasidi Gorlitz. ORNTIC filed a $13,500,000 second mortgagee claim that is believed will be rendered wholly unsecured as a byproduct of Yehuda and David Salamon's fraud. Based on the Galster Judgment and the ORNTIC claim, secured claims total $22,980,175. The value of the Premises, as stated by the Debtor in its Chapter 11 schedules is $10,000,000.

10. The Debtor had no money in its account upon its filing of this case, and the Debtor has collected no income or rents since the filing. Additionally, during the duration of the bankruptcy case, Debtor represented that there was no lease for the ground floor commercial space of the Premises. The Debtor's schedules also represented that there were no leases for the ground floor space. The Debtor has continuously failed to file operating reports or provide any

record of income or expenses since April 2019. The operating reports filed prior to April 2019, signed by Yehuda Salamon, represent no income and no expenses for Debtor.

11. On December 27, 2019, the Plan Administrator filed a motion in the bankruptcy proceeding, therein seeking the entry of an order under sections 105, 1127, and/or 1142 of the Bankruptcy Code authorizing him to remove the occupants of the commercial space at the Premises and to manage the Premises pending a sale under the Plan ("Eviction Motion"). On January 17, 2020, Debtor opposed the Eviction Motion, and for the first time disclosed the existence of a November 1, 2016 lease between Debtor and Defendant ("Lease") as follows:

> The premises lease (with a term exceeding 20 years) has neither been assumed nor rejected, despite the language in the confirmed Chapter 11 plan, ¶ 94 which says that "[a]ny and all pre-petition leases or executory contracts (a) not previously assume or the subject of a motion to assume pending on the Confirmation Date . . . shall be deemed rejected by the Debtor." Id Plan at 20. The lessee had no knowledge about the proceeding, nor was it listed in the bankruptcy schedule. Due process is violated by attacking the lessee now, asking for dispossession.[2]

12. The Lease is dated November 1, 2016 and was entered into between the Debtor and Defendant for the term of thirty (30) years, commencing on November 1, 2016 and terminating on October 31, 2046. The Lease provides for the fixed rent payments as follows:

(a) for and during the period commencing on November 1, 2016 and ending on October 31, 2026, ($108,000.00) Dollars per annum;
(b) for and during the period commencing on November 1, 2026 and ending on October 31, 2036, ($120,000.00) Dollars per annum;
(c) for and during the period commencing on November 1, 2036 and ending on October 31, 2046, ($132,000.00) Dollars per annum;

## LEGAL STANDARD

13. Rule 8(a)(2), incorporated by reference in Bankruptcy Rule 7008 requires a pleading to contain "a short and plain statement of the claim showing that the pleader is

---

[2] Debtor's opposition included a copy of the Lease, which is annexed hereto as Exhibit B.

entitled to relief[.]" Fed. R. Civ. P. 8(a)(2); see Fed. R. Bankr. P. 7008. Rule 12(b)(6), incorporated by reference in Bankruptcy Rule 7012, provides that a complaint may be dismissed "for failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6); see Fed. R. Bankr. P. 7012(b). The purpose of Rule 12(b)(6) "'is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits.'" Halebian v. Berv, 644 F.3d 122, 130 (2d Cir. 2011) (quoting Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 155 (2d Cir. 2006).

14. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). In making this determination, a court must liberally construe the complaint, accept the factual allegations as true, and draw all reasonable inferences in favor of the plaintiff. See Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir.), cert. denied, 554 U.S. 930 (2008). However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986); see Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

15. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (quoting Twombly, 550 U.S. at 556). In other words, plausibility "'depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable.'" Fink v. Time Warner Cable, 714 F.3d 739, 741 (2d Cir. 2013) (quoting L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 430 (2d Cir. 2011).

**THE PLAN ADMINISTRATOR HAS ADEQUATELY
PLED A CAUSE OF ACTION AGAINST DEFENDANT
<u>FOR FRAUDULENT CONVEYANCE</u>**

16.     In determining whether a complaint adequately states a cause of action, the allegations contained within the four corners of the complaint are interpreted broadly to include any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be taken. <u>See</u> <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 152-53 (2d Cir. 2002) (citations omitted); <u>Kramer v. Time Warner Inc.</u>, 937 F.2d 767, 773 (2d Cir. 1991).

17.     Under New York law, a conveyance is deemed fraudulent as to creditors "not only where it is made with actual intent 'to hinder, delay or defraud' creditors (Debtor and Creditor Law § 276), but also where the fraud is constructive, i.e., the conveyance is made without fair consideration by a person (1) who is insolvent or will thereby be rendered insolvent (Debtor and Creditor Law § 273), or (2) against whom an action is pending or a judgment has been docketed for money damages (Debtor and Creditor Law § 273-a)." <u>Marine Midland Bank v Murkoff</u>, 120 A.D.2d 122, 124 (2d Dept 1986).  NY DCL § 273 provides that "[e]very conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent . . . without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration." <u>See</u> <u>State Farm Ins. Co. v Shanley & Schwartz, Inc.</u>, 111 A.D.3d 918, 919 (2d Dept 2013) (finding that a necessary element of a cause of action pursuant to NY DCL §§ 273, 273-a and 276 is a "conveyance").  A "conveyance" is defined as "every payment of money, assignment, release, transfer, lease, mortgage or pledge of tangible or intangible property, and also the creation of any lien or incumbrance." NY DCL § 270.

18. As specifically identified in the Amended Complaint and incorporated herein by reference, Galster Funding's net loan proceeds in the amount $6,095,068.80 were wired on August 30, 2016 into the account of Yidels Shopping Cart at the direction of Yehuda Salamon, as sole member of the Debtor. This August 30, 2016 transaction rendered the Debtor insolvent. In the context of the Amended Complaint and the Lease, there is no question that this transfer of possession between the Debtor and Defendant on November 1, 2016, was effectuated after the Debtor was already rendered insolvent, and in order to further defraud the Debtor's legitimate creditors.

19. The issue raised by Defendant in this motion to dismiss, is whether the Plan Administrator has adequately plead that the Debtor's grant of the Lease to Defendant constituted a "conveyance" under NY DCL § 270. In determining whether the Amended Complaint adequately states a cause of action against Defendant, the Amended Complaint necessarily incorporates the Lease as a document that the Amended Complaint heavily relies upon and which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991).

20. Here, the Amended Complaint's Twenty-Ninth Cause of Action alleges *inter alia*, that Defendant is the current tenant and occupant of the ground floor of the Premises and that Defendant has failed to pay rent for the duration of the Lease. This Cause of Action seeks to recoup monies from Defendant on the basis of two fraudulent transfers: (1) monies owed by Defendant pursuant to the grant to the Defendant at a below market Lease to occupy the Premises; and (2) Defendant's continued occupancy of the Premises since November 1, 2016, without payment of any rent. These two facts considered together suggest a coordinated effort by the Debtor and the Defendant to transfer long term possession of the Premises on November 1, 2016 to Defendant for no consideration; a fraudulent conveyance. Moreover, the

Plan authorizes the Plan Administrator to recoup monies owed to the Debtor and the Twenty-Ninth Cause of Action specifically seeks to do so. On this basis, the Amended Complaint seeks a judgment against Defendant for the fair market value of Defendant's use and occupancy of the Premises for the duration of the Lease, in an amount to be determined by the Court or trier of fact but believed to be in excess of $500,000.00.

21.     The fixed rent payments of $9,000.00 per month for the first ten (10) years of the Lease, are believed to be, insufficient and substantially less than the fair market rental value of the Premises' ground floor commercial space.  Notwithstanding the egregious and below market value rental terms contained within the Lease, Defendant was given possession of the Premises on November 1, 2016.  If that generosity were not enough, the Defendant still failed to pay rent since the date of the November 1, 2016 Lease. The only explanation for these facts is a scheme to defraud the Debtor's creditors incurred on August 30, 3016 when Mr. Salamon defrauded Galster and he depleted the Debtor's accounts while leaving the Premises encumbered with over $20,000,000 in debt.

22.     Based on the above, there is no dispute that under New York law, the Debtor's no-consideration grant of the Lease to Defendant constituted a "conveyance" under NY DCL § 270. This initial fraudulent conveyance for below market value, combined with the failure of Debtor to collect any rents from Defendant for the duration of the Lease, are adequately plead against Defendant pursuant to the Amended Complaint so as to state a cause of action for fraudulent conveyance. Moreover, the Plan Administrator is authorized under the Plan to recoup monies owed to the Debtor. There seems to be little disagreement that Defendant owes rent since November 1, 2016.

## **CONCLUSION**

23. For the reasons identified above, Defendant's motion must be denied as the Plan Administrator has sufficiently stated a cause of action against Defendant.

Dated: New York, New York
      April 29, 2020  **BUTLER, FITZGERALD, FIVESON**
                                       **& McCARTHY**
                                       A Professional Corporation
                                       *Attorneys for Plaintiff, Mark Frankel*
                                       *Plan Administrator for 4921 12th Avenue, LLC*

                                       By:   */s/ David K. Fiveson*
                                                 David K. Fiveson, Esq.
                                       A Principal of the Firm
                                       9 East 45th Street, Ninth Floor
                                       New York, New York 10017
                                       (212) 615-2200

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
In re                                                                    Bankruptcy Case No.:
4921 12th Avenue LLC,                                                        1-18-47256-cec

                       Debtor.                                     Chapter 11
------------------------------------------------------------------------X
Mark Frankel as Plan Administrator for 4921 12th                         Adv. Pro. No.:
Avenue, LLC,                                                                 1-19-01120-cec
                       Plaintiff,
      -against-                                                       *Assigned to:*
                                                            *Judge Carla E. Craig*

Yehuda Salamon, David Salamon, Yidel's Shopping Cart, Inc.,
E-Commerce Expand, LLC, Yidel's Online Food
Station, LLC, Yidels Shopping Cart, Inc. d/b/a Riverstone
Group, Riverstone, USA, LLC, "John Doe No. 1 through John
Doe No. 10", inclusive, the last ten names being fictitious and
unknown to plaintiff, persons or parties intended being persons,
corporations or others, being the current and/or former tenants
or occupants of the Debtor's real property located at 4917-4921
12th Avenue, Brooklyn, New York, and Ultimate Oppurtunities,
LLC a/k/a Ultimate Opportunities, LLC

                       Defendants.
------------------------------------------------------------------------X

## CERTIFICATE OF SERVICE

       I, David K. Fiveson, Esq., hereby certify that on April 29, 2020, the foregoing

**AFFIRMATION IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE AMENDED ADVERSARY COMPLAINT** was filed and served on all counsel of record by this Court's CM/ECF system.

Dated:  New York, New York
         April 29, 2020                     **BUTLER, FITZGERALD, FIVESON**
                                                  **& McCARTHY**
                                                  A Professional Corporation
                                                  *Attorneys for Plaintiff, Mark Frankel*
                                                  *Plan Administrator for 4921 12th Avenue, LLC*

                                          By:    */s/ David K. Fiveson*
                                                  David K. Fiveson, Esq.
                                                A Principal of the Firm
                                                9 East 45th Street, Ninth Floor
                                                New York, New York 10017
                                                (212) 615-2200