UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re
4921 12th Avenue, LLC,   Chapter 11
   Case No.: 1-18-47256-cec

Debtor   Hon. Carla E. Craig

-------------------------------------------------------------X
Mark Frankel as Plan Administrator for 4921
12th Avenue, LLC   Adv. Pro. No.:
   **1-19-01120-cec**

Plaintiff,   **MEMORANDUM IN REPLY**

-v-

Yehuda Salamon, David Salamon, Yidel's Shopping Cart, Inc.
E-Commerce Expand, LLC, Yidel's Online Food Station, LLC,
Yiddel's Shopping Cart, Inc. d/b/a Riverstone Group, Riverstone, USA, LLC, "John Doe No. 1 through John Doe No. 10",
inclusive, the last ten names being fictitious and unknown to Plaintiff,
persons or parties intended being persons corporations or others,
being the current and/or former tenants or occupants of the Debtor's real property located 4917-4921 12th Avenue, Brooklyn, New York,
and Ultimate Oppurtunities, LLC a/k/a Ultimate Opportunities, LLC

Defendant
-------------------------------------------------------------X

## **MEMORANDUM OF LAW IN REPLY**

### **Preliminary Statement**

1. Plaintiff, in their opposition to the instant motion, for the first time introduces a new theory on Defendant Ultimate Oppurtunities, LLC a/k/a Ultimate Opportunities, LLC's

1

("Ultimate Opportunities"), alleged liability under the New York DCL. This is an improper attempt to cure the pleading deficiencies in their complaint. It should also be noted, that despite alleging liability under the Chapter 5 provisions of the Bankruptcy Code, Plaintiff's opposition wholly fails to address any Chapter 5 theory of liability against Ultimate Opportunities.

## Discussion

2.     "In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the facts stated in the complaint." Daniels v. Murphy, No. 06CV5841JFBWDW, 2007 WL 1965303, at *3 (E.D.N.Y. July 2, 2007); (internal citations omitted). Further, "[a] complaint cannot be amended merely by raising new facts and theories in plaintiffs' opposition papers." Id. "Parties are not entitled to assert new facts in submissions on a motion to dismiss." Id. (Internal citations omitted). "It is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss." Id.

3.     In the instant matter, Plaintiff attempts to amend their already Amended Complaint by citing new factual allegations and theories in their opposition which was never raised in the Amended Complaint. Plaintiff's opposition, for the first time raises the theory that the alleged transfer of possession by the November 2016 lease between the Debtor and the Defendant Ultimate Opportunities somehow constituted a fraudulent conveyance. These factual allegations are not contained anywhere in Plaintiff's Amended Complaint. In fact, the word 'conveyance' does not appear anywhere in the Complaint in connection with Defendant Ultimate Opportunities. The Complaint does not even mention the November 2016 lease at all nor is the lease even attached as an exhibit.   The Complaint likewise fails to state any allegation that Defendant Ultimate Opportunities allegedly took the lease at below market value.

4.     This is already Plaintiff's second bite of the apple and the Amended Complaint is

completely devoid of any factual allegations as to Defendant Ultimate Opportunities alleged receipt of a fraudulent conveyance.

5. Plaintiff's view that the mere fact that Plaintiff as plan administrator filed a motion and other pleadings in the main bankruptcy somehow is sufficient to overcome their pleading deficiency would vitiate the whole purpose of Rule 8(a)(2), (incorporated by reference in Bankruptcy Rule 7008), which requires "a short and plain statement of the claim" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964 (May 21, 2007).

6. Plaintiff's position would require a Defendant to read through an entire bankruptcy docket and then attempt to theorize Plaintiff's claims from there. This would lead to an absurd result and runs plainly contrary to the well settled Supreme Court precedent from Twombly.

7. Notably, Plaintiff does not even request leave to amend in their opposition. As this is already an Amended Complaint, Plaintiff should not be freely given a third opportunity to get it right.

### All claims against Ultimate Opportunities under §§544(b)(1), 545, 546, 547, 549, 550 and 553(b) of the Bankruptcy Code Should be Dismissed

8. Plaintiff's Amended Complaint further alleges that this proceeding is brought pursuant to §§544(b)(1), 545, 546, 547, 549, 550 and 553(b) of the Bankruptcy Code. See Complaint at ¶4.

9. Plaintiff's opposition still fails to even address the substance of any claims under any of these provisions. Plaintiff's opposition likewise also fails to address that any due diligence steps were taken to ascertain Ultimate Opportunities affirmative defenses in accordance with 11 U.S.C. §547(b).

10. As such, all claims under Chapter 5 must likewise be dismissed with prejudice.

## Conclusion

**WHEREFORE**, Ultimate Opportunities respectfully requests that this Court enter an Order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7012(b) of the Federal Rules of Bankruptcy Procedure dismissing the Adversary Proceeding as against it with prejudice and for such other and further relief as this Court deems just and proper.

Dated: May 5, 2020
Kew Gardens, New York

Yours etc.,
**SHIRYAK, BOWMAN, ANDERSON, GILL & KADOCHNIKOV LLP**

*/s/ Btzalel Hirschhorn*
By: Btzalel Hirschhorn, Esq.
Attorney for Defendant Ultimate Opportunities, LLC
80 – 02 Kew Gardens Road, Suite 600
Kew Gardens, NY 11415
Tel: (718) 263-6800 | Fax: (718) 520-9401
Email: bhirschhorn@sbagk.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re
4921 12th Avenue, LLC,                                    Chapter 11
                                                          Case No.: 1-18-47256-cec

                                Debtor
                                                          Hon. Carla E. Craig
------------------------------------------------------------X
Mark Frankel as Plan Administrator for 4921
12th Avenue, LLC                                          Adv. Pro. No.:
                                                          **1-19-01120-cec**

                                Plaintiff,

    -v-

Yehuda Salamon, David Salamon, Yidel's Shopping Cart, Inc. E-Commerce Expand, LLC, Yidel's Online Food Station, LLC, Yiddel's Shopping Cart, Inc. d/b/a Riverstone Group, Riverstone, USA, LLC, "John Doe No. 1 through John Doe No. 10", inclusive, the last ten names being fictitious and unknown to Plaintiff, persons or parties intended being persons corporations or others, being the current and/or former tenants or occupants of the Debtor's real property located 4917-4921 12th Avenue, Brooklyn, New York, and Ultimate Oppurtunities, LLC a/k/a Ultimate Opportunities, LLC
                                Defendant
------------------------------------------------------------X

## CERTIFICATE OF SERVICE

       I hereby certify that on May 4, 2020, I caused the following documents to be served via the Court's Electronic Case Filing System upon all parties as listed below:

- **MEMORANDUM OF LAW IN REPLY**

      Mark Frankel as Plan Administrator for 4921
12th Avenue, LLC


**Office of the United States Trustee**
Eastern District of NY (Brooklyn Office)

5

Date: Kew Gardens, New York
May 5, 2020

/s/ Btzalel Hirschhorn, Esq.
BTZALEL HIRSCHHORN, ESQ.
SHIRYAK, BOWMAN, ANDERSON, GILL & KADOCHNIKOV, LLP
*Attorneys for Ultimate Opportunities, LLC*
80-02 Kew Gardens Road, Suite 600
Kew Gardens, NY 11415
Tel: (718) 263-6800
Fax: (718) 520-9401
Email: Bhirschhorn@sbagk.com
