UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re
4921 12th Avenue, LLC,                                          Chapter 11
                                                                Case No.: 1-18-47256-cec

                              Debtor
                                                                Hon. Carla E. Craig

-----------------------------------------------------------------X
Mark Frankel as Plan Administrator for 4921
12th Avenue, LLC                                                Adv. Pro. No.:
                                                                **1-19-01120-cec**

                              Plaintiff,         **ANSWER WITH**
                                                                **COUNTERCLAIM**

       -v-

> Yehuda Salamon, David Salamon, Yidel's Shopping Cart, Inc.
> E-Commerce Expand, LLC, Yidel's Online Food Station, LLC,
> Yiddel's Shopping Cart, Inc. d/b/a Riverstone Group, Riverstone, USA, LLC, "John Doe No. 1 through John Doe No. 10",
> inclusive, the last ten names being fictitious and unknown to Plaintiff,
> persons or parties intended being persons corporations or others,
> being the current and/or former tenants or occupants of the Debtor's real property located 4917-4921 12th Avenue, Brooklyn, New York,
> and Ultimate Oppurtunities, LLC a/k/a Ultimate Opportunities, LLC

                              Defendant
-----------------------------------------------------------------X

## ANSWER

       1.     Defendant, Ultimate Oppurtunities, LLC a/k/a Ultimate Opportunities, LLC,

("Ultimate Opportunities") or ("Defendant"), by and through their attorney Shiryak, Bowman,

Anderson, Gill & Kadochnikov, LLP, as and for their Answer to the Amended Complaint dated February 21, 2020, ("the "Complaint"), of Mark Frankel as Plan Administrator for 4921 12th Avenue, LLC ("Plaintiff) state as follows:

## Background

2. On May 6, 2020, this Court held a hearing on Defendant Ultimate Opportunities' Motion to Dismiss [Doc. No.61].

3. At the hearing, Plaintiff's counsel conceded that the only cause of action being asserted against Ultimate Opportunities was for alleged unpaid rent under the terms of the lease between Debtor and Ultimate Opportunities dated November 1, 2016. Accordingly, Defendant Ultimate Opportunities responds as follows:

4. Paragraphs "1-3" do not state a cause of action against Ultimate Opportunities and thus can neither be admitted nor denied as Ultimate Opportunities lacks sufficient knowledge and information of these allegations to admit or deny.

5. Defendant admits the allegations in paragraphs "4 & 5" and consents to the Bankruptcy Court entering final judgments and orders on any claims deemed to be "non-core."

6. Defendant admits the allegations in paragraph "6" of the Complaint.

7. Paragraphs "7-13" do not state a cause of action against Ultimate Opportunities and can neither be admitted nor denied as Ultimate Opportunities lacks sufficient knowledge and information of these allegations to admit or deny.

8. Defendant admits the allegations in paragraph "14" to the extent that Defendant is conducting business in New York.

9. Paragraphs "15-143" do not state a cause of action against Ultimate Opportunities and can neither be admitted nor denied as Ultimate Opportunities lacks sufficient knowledge and information of these allegations to admit or deny.

10. Defendant admits the allegations in paragraph "144" to the extent that Defendant occupies a grocery store on the ground floor of the Premises but lacks sufficient knowledge and information to respond to the remaining allegations.

11. Defendant denies the allegations in paragraph "145" to the extent it is asserted against Ultimate Opportunities but lacks sufficient knowledge or information to formulate a response regarding the allegations against the remaining co-Defendants as asserted in paragraph "145."

12. Paragraph "146" does not state a cause of action against Ultimate Opportunities and can neither be admitted nor denied as Ultimate Opportunities lacks sufficient knowledge and information of these allegations to admit or deny.

13. Defendant denies the allegations in paragraph "147" of the Complaint.

14. Defendant denies the allegations in the "Wherefore" clause of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

15. Plaintiff has failed to state a legally cognizable claim against the Defendant upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

16. Plaintiff has failed to allege sufficient facts to state any cause of action herein.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

17. Each of Plaintiff's causes of action are barred by the doctrine of waiver, laches, and equitable estoppel.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

18. Plaintiff's claims are barred by the statute of limitations.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

19. Defendant duly paid in full all amounts owed under the Lease.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

20. Part or all of the sums alleged are not owed.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

21. All allegations in the Complaint sounding in fraudulent conveyance are not applicable to Defendant.

## AS AND FOR AN EIGTH AFFIRMATIVE DEFENSE

22. Plaintiff lacks standing to bring this action.

## COUNTERCLAIM 1 – ATTORNEY FEES

23. Defendant requests attorney fees associated with defending this action. Defendant has been forced to expend attorney fees defending this action when rents allegedly owed have been paid and Plaintiff failed to conduct proper due diligence before bringing this baseless action.

**WHEREFORE**, Ultimate Opportunities respectfully requests that this Court dismiss the Complaint with prejudice, costs, attorney fees, and for such other and further relief as this Court deems just and proper.

Dated:  May 7, 2020
        Kew Gardens, New York

                              Yours etc.,
                              **SHIRYAK, BOWMAN, ANDERSON, GILL &**
                              **KADOCHNIKOV LLP**

                              /s/ *Btzalel Hirschhorn*
                              By:  Btzalel Hirschhorn, Esq.
                              Attorney for Defendant Ultimate
                              Opportunities, LLC
                              80 – 02 Kew Gardens Road, Suite 600
                              Kew Gardens, NY 11415
                              Tel: (718) 263-6800 | Fax: (718) 520-9401
                              Email: bhirschhorn@sbagk.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re
4921 12th Avenue, LLC,      Chapter 11
   Case No.: 1-18-47256-cec

                              Debtor

   Hon. Carla E. Craig

-------------------------------------------------------------X
Mark Frankel as Plan Administrator for 4921
12th Avenue, LLC      Adv. Pro. No.:
   **1-19-01120-cec**

                              Plaintiff,

    -v-

Yehuda Salamon, David Salamon, Yidel's Shopping Cart, Inc., E-Commerce Expand, LLC, Yidel's Online Food Station, LLC, Yiddel's Shopping Cart, Inc. d/b/a Riverstone Group, Riverstone, USA, LLC, "John Doe No. 1 through John Doe No. 10", inclusive, the last ten names being fictitious and unknown to Plaintiff, persons or parties intended being persons corporations or others, being the current and/or former tenants or occupants of the Debtor's real property located 4917-4921 12th Avenue, Brooklyn, New York,
and Ultimate Oppurtunities, LLC a/k/a Ultimate Opportunities, LLC

                             Defendant(s)
-------------------------------------------------------------X

## CERTIFICATE OF SERVICE

     I hereby certify that on May 7, 2020, I caused the enclosed **ANSWER** to be served via the Court's Electronic Case Filing System upon all parties as listed below:

**David K. Fiveson, Esq.**
Butler Fitzgerald Fiveson & McCarthy, PC
*Attorney for Plaintiff*

**Karamvir Dahiya, Esq.**
Dahiya Law Offices, LLC
*Attorney for Defendants Yehuda Solomon et al.*

**Phillip Mahony, Esq.**
*Attorney for Defendant David Solomon*

6

**Office of the United States Trustee**
Eastern District of NY (Brooklyn Office)

Date: Kew Gardens, New York
     May 7, 2020

                                                  /s/ Btzalel Hirschhorn, Esq.
                                         BTZALEL HIRSCHHORN, ESQ.
SHIRYAK, BOWMAN, ANDERSON, GILL & KADOCHNIKOV, LLP
*Attorneys for Ultimate Opportunities, LLC*
80-02 Kew Gardens Road, Suite 600
Kew Gardens, NY 11415
Tel: (718) 263-6800
Fax: (718) 520-9401
Email: Bhirschhorn@sbagk.com